IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANNY RICHARD RIVERS, <br> TDCJ No. 1775951, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 7:21-cv-00012-O-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are a Petition for Writ of Habeas Corpus filed by Petitioner Danny Richard Rivers (Rivers) pursuant to 28 U.S.C. § 2254. ECF No. 2. Also pending are Petitioner's Motion to Stay Proceedings, Motion for Evidentiary Hearing, and Motion for Discovery and Expansion of the Record. ECF Nos. 3, 23, and 24, respectively. In his Petition, Rivers challenges the validity of his conviction and sentence in the 30th Judicial District Court of Wichita County, Texas for continuous sexual abuse of a young child, indecency with a child by sexual contact and by exposure, and possession of child pornography. ECF Nos. 2, 18 at 3-4. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **TRANSFER** the Petition to the United States Court of Appeals for the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b) and **DEEM AS MOOT** Petitioner's Motion to Stay Proceedings, Motion for Evidentiary Hearing, and Motion for Discovery and Expansion of the Record.

Rivers, an inmate confined in the William G. McConnell Unit of the Texas Department of Criminal Justice in Beeville, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 2. Rivers attempts to challenge the validity of his Wichita County conviction in 2012 for sexual abuse, indecency with a child, and possession of child pornography for which he received a thirty-eight-year sentence. *Id.* The Petition appears to be successive because it challenges the same conviction Rivers challenged in *Rivers v. Davis*, No. 7:17-cv-00124-O-BP, 2018 WL 443153 (N.D. Tex. July 27, 2018), *rec. accepted*, 2018 WL 4409830 (N.D. Tex. Sept. 17, 2018). Rivers's appeal of the Court's Judgment in that case currently is pending in the United States Court of Appeals for the Fifth Circuit. *See Rivers v. Davis*, No. 18-11490 (5th Cir. Nov. 19, 2018) (filed).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003).

In this action, Rivers again seeks to challenge his 2012 conviction by asserting that his trial and appellate counsel were ineffective. ECF No. 2 at 7, 9-11. Rivers also attempts to raise new claims of insufficient evidence to support his convictions, unreliable expert testimony, double jeopardy, nonunanimous verdict under *Ramos v. Louisiana*, ___ U.S. ___, 140 S.Ct. 1390 (2020), cumulative error, and additional prosecutorial misconduct. *Id.* at 6, 8-11.

In general, to state a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the

2

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). In *Ramos*, the Supreme Court held that the Sixth Amendment to the United States Constitution as applied to the States under the Fourteenth Amendment requires a unanimous jury verdict to convict a defendant of a serious criminal offense. However, the Court held earlier this year that "*Ramos* announced a new rule of criminal procedure [that] ... does not apply retroactively on federal collateral review." *Edwards v. Vannoy*, ___ U.S. ___, ___, 141 S.Ct. 1547, 1562 (2021). As a result, the new rule announced in *Ramos* does not justify Rivers's successive habeas petition. Nor has Rivers offered newly discovered evidence that would have changed the result of the state trial he challenges.

Before a petitioner may file his successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A)–(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The Fifth Circuit has not issued an order authorizing the court to consider the successive petition in this case. Rivers must obtain such an order before he can file a second petition for habeas relief challenging his underlying criminal conviction. His current application is successive under AEDPA, and his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this court] asserting jurisdiction

over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted).

Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may opt to transfer a successive habeas petition to the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). This appears to be Rivers's first successive habeas application concerning the validity of his conviction. Under these circumstances, transfer is appropriate. *Compare Adams v. Davis*, 3:17-CV-1133-N-BN, 2017 WL 2535863, at *1 (N.D. Tex. May 2, 2017), *rec. adopted*, 3:17-CV-1133-N, 2017 WL 2505495 (N.D. Tex. June 9, 2017) (transfer appropriate where no history of successive petitions aimed at same issue), *with United States v. King*, Nos. 3:97-CR-0083-D-01 & 3:03-CV-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (history of filing successive petitions warranted "dismissal without prejudice . . . [to] better serve[] the interests of justice than a transfer[.]").

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **TRANSFER** the instant Petition to the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b). Given this recommendation to transfer the Petition, the undersigned **FURTHER RECOMMENDS** that Judge O'Connor **DEEM AS MOOT** Rivers's Motion to Stay Proceedings, Motion for Evidentiary Hearing, and Motion for Discovery and Expansion of the Record (ECF Nos. 3, 23, and 24).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

4

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 11, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE